UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

---

Kenneth Holt,                                                   No. 0:10-cv-01918-ADM-JJK

                Plaintiff,

      vs.

Faegre & Benson LLP,

                Defendant.

_____

**MEMORANDUM OF LAW
IN SUPPORT OF
MOTION FOR DISMISSAL**
_____

      Defendant Faegre & Benson LLP moves this Court for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, Faegre seeks a more definite statement of the complaint.

# Contents

Issues ............................................................................................................. 3

Facts .............................................................................................................. 4

Legal Standard.............................................................................................. 7

Argument ...................................................................................................... 8

I.   The complaint fails to state a claim because the alleged "financial obligation" was not a "debt" within the Fair Debt Collection Practices Act's meaning... .................................................................................. 8

II.  The complaint fails to state a claim because it does not allege any conduct in connection with debt collection........................................... 10

III. The complaint fails to state a claim because any alleged debt was not in default when Faegre obtained it. .......................................................... 13

IV.  Alternatively, Faegre seeks a more definite statement. ......................... 15

   A.   The complaint should specify the statutory provisions that Faegre allegedly violated. ................................................................. 16

   B.   The complaint should specify any state law that Faegre allegedly violated, or omit the veiled references. .................................... 17

   C.   The complaint should exhibit more than just the second page and last sentence of the October 2009 letter.................................... 18

Conclusion ................................................................................................. 18

Certification of Compliance with Local Rule 7.1(d) ......................................... 19

**Issues**

1.	The Fair Debt Collection Practices Act defines a "debt" as "any obligation or alleged obligation of a consumer to pay money . . . ." The complaint alleges that the Plaintiff owes "a financial obligation," but the correspondence that the complaint exhibits shows that the alleged obligation was not yet liquidated as an obligation to pay money. Was the alleged "financial obligation" a "debt" within the Act's meaning?

2.	Every provision that the complaint cites requires conduct in connection with debt collection as an element of a claim. Communications are not "in connection with debt collection" where they do not "provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form," or where they address an obligation that was not yet delinquent. Does the complaint allege any conduct in connection with debt collection?

3.	Civil liability under the Fair Debt Collection Practices Act does not extend to anyone who is not a "debt collector." The definition of "debt collector" excludes activity that "concerns a debt which was not in default at the time it was obtained." The correspondence that the complaint exhibits shows that the alleged obligation was not in default when Faegre obtained it. Is Faegre subject to civil liability under the Act?

**Facts**

On a motion for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court "must assume the truth of the material facts as alleged in the complaint."[1] But "only a complaint that states a plausible claim for relief survives a motion to dismiss": "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"[2]

Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3] Finally, a court "need not resolve unclear questions of law in favor of the plaintiff."[4]

The complaint sets forth its claims' factual basis in five paragraphs:

> 6. Sometime prior to October 2009, upon information

---

[1] *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005) (quoting *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991)); *accord Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true").

[2] *Iqbal*, 129 S. Ct. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

[3] *Id.* at 1949.

[4] *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 470 (5th Cir. 2004 (quoting *Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8. On October 6, 2009, Defendant sent a written communication to Plaintiff, which failed to communicate that Defendant was a debt collector and attempting to collect a debt. *(Exhibit A)*

9. On February 23, 2010, Defendant sent another written communication to Plaintiff, which again failed to communicate that Defendant was a debt collector and attempting to collect a debt. *(Exhibit B)*

10. The conduct of Defendant in failing to communicate that Defendant is a debt collector and attempting to collect a debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e( 11) and 1692f amongst others.[5]

The complaint also exhibits two letters to the Plaintiff from Faegre attorney Bernard "B.J." Nodzon. The first letter is dated October 6, 2009, and the complaint exhibits only the letter's second page, which contains only its final sentence: "We hope that you will allow American Exteriors to install your windows, appreciate your cooperation in this matter, and look forward to your prompt response."[6] The second letter is dated February 23, 2010, and says:

---

[5]Compl. [Doc. 1], ¶¶ 6–10 at 2 (4/30/10).

[6]Letter from Nodzon to Holt [Compl., Ex. A (4/30/10)] at 2 (10/6/09). This Court can consider the entire letter: "When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Mattes v. ABS Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820,

Dear Mr. Holt:

     This letter follows up on my letter to you dated October 6, 2009. As you know, this firm represents American Exteriors, LLC ("American Exteriors"). I understand that you have still not made your home available for the installation of the windows that you ordered. We have previously informed you that American Exteriors manufactured the windows to your custom specifications, and your

---

831 (8th Cir. 2003)); *see also Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1063 n.3 (8th Cir. 2005); *AEI Fund Mgmt., Inc. v. Geneva Org., Inc.*, 2006 WL 2943093, at *1 n.1 (D. Minn. Oct. 13, 2006) (citing *Moses.com*). The entire letter reads:

Dear Mr. Holt:

     This firm represents American Exteriors, LLC ("American Exteriors"). We do not represent you, and you should seek out and rely upon your own lawyer for legal advice. As you know, on August 27, 2009, you entered into a written contract (the "Contract") with American Exteriors for the purchase and installation of thirteen custom made windows at your home. The Contract notified you of your right to cancel the Contract and that you had until September 1, 2009 to cancel.

     You did not cancel the Contract. In fact, on September 2, 2009, you confirmed that you wanted the windows to be white. American Exteriors proceeded to manufacture your windows to your specifications and completed the manufacturing of your custom windows on October 1, 2009. On October 5, 2009, you called John Sullivan of American Exteriors to ask if you could cancel the order. As Mr. Sullivan explained to you, the rescission period had expired more than one month before your phone call and the custom windows had already been manufactured and were ready for installation. As provided in the Contract, if you cancel the order at this time, you agree to pay American Exteriors for the costs of the windows plus forty percent of the contract price.

     I understand that you will not make your home available for the installation of the windows that you ordered. American Exteriors has already manufactured the windows to your custom specifications, and your right to cancel the Agreement expired on September 1, 2009. This letter is notice to you that if you do not make your home available for American Exteriors to install your windows within 21 days, American Exteriors will exercise all of its rights under the Contract.

     Please contact John Sullivan at 303-865-3321 to schedule a time for American Exteriors to install the windows or to close out the Contract, in which case you will be responsible for payment of an amount equal to $3,542.40 plus the cost of the materials that American Exteriors purchased on your behalf.

     We hope that you will allow American Exteriors to install your windows, appreciate your cooperation in this matter, and look forward to your prompt response.

                       Very truly yours,
                       Bernard (B.J.) Nodzon

right to cancel your agreement with American Exteriors expired on September 1, 2009. This letter serves as your final notice. If you do not make your home available for American Exteriors to install your windows within 14 days or compensate American Exteriors for the windows that have been specially manufactured to your custom specifications, American Exteriors will exercise all of its rights under the parties' contract and/or institute collection proceedings.

Please contact John Sullivan at 303-865-3321 to schedule a time for American Exteriors to install the windows or to close out the Contract, in which case you will be responsible for the costs of the materials that American Exteriors purchased on your behalf.

We hope that you will allow American Exteriors to install your windows, appreciate your cooperation in this matter, and look forward to your prompt response.

Very truly yours,
Bernard (B.J.) Nodzon[7]

**Legal Standard**

Rule 12 provides that

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted . . . . A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.[8]

---

[7] Letter from Nodzon to Holt (2/23/10) [Compl., Ex. B (4/30/10)].

[8] Fed. R. Civ. P. 12(b) & (6) (how to present defenses).

**Argument**

I. **The complaint fails to state a claim because the alleged "financial obligation" was not a "debt" within the Fair Debt Collection Practices Act's meaning.**

The Fair Debt Collection Practices Act defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."[9] The complaint alleges that "[s]ometime prior to October 2009, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a 'debt' as that term is defined by 15 U.S.C. § 1692a(5)."[10]

The complaint does allege that the Plaintiff is a consumer; that the Plaintiff owes "a financial obligation"; and that "upon information and belief" the alleged obligation "was primarily for personal, family or household purposes." But the complaint does not allege that the obligation required the Plaintiff *to pay money*, an element essential to the statutory definition. If the alleged obligation is not an

---

[9] 15 U.S.C. § 1692a(5) (defining "debt").

[10] Compl. [Doc. 1], ¶ 6 at 2 (4/30/10).

"obligation or alleged obligation of a consumer to pay money," then it is not a "debt" within the Act's meaning.

This issue is not a mere pleading defect that can be cured by adding a few words to the complaint. The correspondence that the complaint exhibits, which "is a part of the pleading for all purposes,"[11] shows that the alleged obligation was not yet liquidated as an obligation to pay money. The October 2009 letter that the complaint exhibits as Exhibit A asks only that the Plaintiff "allow American Exteriors to install your windows."[12] The February 2010 letter that the complaint exhibits as Exhibit B likewise asks that the Plaintiff "[p]lease contact John Sullivan . . . to schedule a time for American Exteriors to install the windows or to close out the Contract, in which case you will be responsible for the costs of the materials that American Exteriors purchased on your behalf."[13] Any alleged obligation to pay money was a contingency that might or might not occur, depending on a choice that was still the Plaintiff's to make.

The alleged "financial obligation" was not a "debt" within the Fair Debt Collection Practices Act's meaning. The complaint therefore fails to state a claim upon which relief can be granted.

---

[11]Fed. R. Civ. P. 10(c) (exhibits) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[12]Letter from Nodzon to Holt [Compl., Ex. A (4/30/10)] at 2 (10/6/09).

II.     **The complaint fails to state a claim because it does not allege any conduct in connection with debt collection.**

The complaint contains an open-ended laundry list of statutory sections that Faegre supposedly violated: "The conduct of Defendant in failing to communicate that Defendant is a debt collector and attempting to collect a debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(11) and 1692f amongst others."[14]

The complaint does cite one, but only one, specific statutory provision: 15 U.S.C. § 1692e(11). And that provision is the one that actually relates to the complaint's factual allegation about "failing to communicate that Defendant is a debt collector and attempting to collect a debt." But whether the complaint is accusing Faegre of that specific violation, or of all the "numerous and multiple violations"[15] possible in all the cited sections, the complaint must involve *conduct in connection with debt collection* in order to state a claim. Every provision that the complaint cites requires conduct in connection with debt collection as an

---

[13]Letter from Nodzon to Holt (2/23/10) [Compl., Ex. B (4/30/10)].

[14]Compl. [Doc. 1], ¶ 10 at 2 (4/30/10); *accord id.*, ¶ 15 at 4 ("The above-detailed conduct by Defendant, of failing to communicate that Defendant is a debt collector and attempting to collect a debt as a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and Minnesota law."); *id.*, ¶ 20 at 5 ("The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.").

element of a claim: section 1692d prohibits certain conduct "in connection with the collection of a debt," section 1692e prohibits certain conduct "in connection with the collection of any debt," and section 1692f prohibits certain conduct as a means "to collect or attempt to collect any debt."

But Faegre's conduct as alleged in the complaint did not involve any conduct — in this case, communication — in connection with debt collection. Mr. Nodzon's letters to the Plaintiff weren't demanding payment of money, they were asking that the Plaintiff perform a contractual obligation — and such a request was not an act of debt collection. Mr. Nodzon's letters were an attempt to avoid a breach of contract. But the breach had not yet occurred, the alleged obligation had not yet been reduced to an obligation to pay money, and the Plaintiff was not yet in default; Faegre was simply pointing out the consequences of the Plaintiff not living up to his bargain. Under those circumstances, there was no "debt collection" underway, as one federal appellate court has explained: "A warning that something bad might happen if payment is not kept current is not a dun, nor does it seek to collect any debt, but rather the opposite because it tries to prevent the circumstance wherein payments are missed and a real dun must be mailed."[16] The

---

[15]Compl. [Doc. 1], ¶ 20 at 5; *accord id.*, ¶ 15 at 4 ("a violation of numerous and multiple provisions").

[16]*Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 389 (3d Cir. 1998); *accord Santory v. CTC Foreclosure Serv. Corp.*, 12 F. App'x 476, 480 (9th Cir. 2001).

policy behind this approach is simple, as another federal appellate court has explained:

> To hold that a debt collector cannot offer payment options as part of an effort to resolve an outstanding debt, possibly without litigation, would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt — something that is clearly at odds with the language and purpose of the FDCPA.[17]

Furthermore, Mr. Nodzon's letters contained none of the hallmarks of a communication in connection with debt collection. Communications are not "in connection with debt collection" where they do not "provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form,"[18] or where they address an obligation that is not yet delinquent.[19]

The complaint does not allege any communication or other conduct in connection with debt collection. The complaint therefore fails to state a claim upon which relief can be granted.

---

[17] *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 399 (6th Cir. 1998), *quoted in Gillespie v. Chase Home Fin., LLC*, 2009 WL 4061428, at *4 (N.D. Ind. Nov. 20, 2009).

[18] *Gillespie*, 2009 WL 4061428, at *4; *see also Thompson v. BAC Home Loans Servicing, L.P.*, 2010 WL 1286747, at *4 (N.D. Ind. Mar. 26, 2010) (holding that communication was not in connection with debt collection where it "does not address the status of Plaintiff's home mortgage loan, declare that it is in default, or demand any payment pursuant to such default"); *Grden v. Leikin, Ingber & Winters, P.C.*, 2010 WL 199947, at *8–9 (E.D. Mich. Jan. 19, 2010) (holding that communication was not in connection with debt collection where it "does not demand payment, imply Mr. Grden is in default, or . . . allude to the consequences of default"); *Mabbitt v. Midw. Audit Serv., Inc.*, 2008 WL 723507, at *4 (E.D. Mich. Mar. 17, 2008).

[19] *Thompson*, 2010 WL 1286747, at *4; *Grden*, 2010 WL 199947, at *8–9.

III.  **The complaint fails to state a claim because any alleged debt was not in default when Faegre obtained it.**

Finally, the complaint fails to state a claim because any alleged debt was not in default when Faegre acquired it.

The Fair Debt Collection Practices Act contains numerous requirements and prohibitions, which apply only to debt collectors.[20] More to the point, civil liability under the Act covers only "any *debt collector* who fails to comply," and does not extend to anyone who is not a "debt collector."[21]

Faegre is not a "debt collector" within the Fair Credit Reporting Act's meaning, for at least two reasons. The first reason is that Faegre falls outside the Act's primary definition of a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

---

[20] For example, the Act provides that "a *debt collector* may not communicate with a consumer in connection with the collection of any debt" except under certain restrictions. 15 U.S.C. § 1692c(a) (communications in connection with debt collection) (emphasis added). "A *debt collector* may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt." 15 U.S.C. § 1692d (harassment or abuse) (emphasis added). "A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (false or misleading representations) (emphasis added). "A *debt collector* may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f (unfair practices) (emphasis added).

[21] 15 U.S.C. § 1692k(a) (civil liability) (emphasis added).

or due another."[22] But the complaint alleges that Faegre "is a 'debt collector' as that term is defined by 15 U.S.C. § 1692a(6)"[23] so, for this motion's purposes, this Court must assume that Faegre fits that definition. (Faegre is filing a separate motion for summary judgment on the ground that it is not a "debt collector" within the Act's meaning. That motion offers evidence outside the pleadings, which this motion cannot.)

The second reason that Faegre is not a "debt collector" subject to liability under the Act does fall within this motion's scope: Even assuming for this motion's purposes that Faegre "obtained" the debt, Faegre is not a debt collector because any alleged debt was not in default when Faegre obtained it. The Act's definition of "debt collector" explicitly excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."[24] The complaint suggests no such default, but alleges only that "[s]ometime prior to October 2009, upon information and belief, Plaintiff incurred a financial obligation . . . . Sometime thereafter, the alleged debt

---

[22] 15 U.S.C. § 1692a(6) (defining "debt collector").

[23] Compl. [Doc. 1], ¶ 5 at 2 (4/30/10).

[24] 15 U.S.C. § 1692a(6)(F) & (iii).

14

was consigned, placed or otherwise transferred to Defendant for collection."[25] The failure to plead a default is fatal to a claim for unfair debt-collection practices: where a plaintiff does not allege that the defendant acquired a debt "after it was in default, there is not a sufficient basis in law to conclude that [the defendant] is a 'debt collector' subject to the FDCPA."[26]

Again, this issue is not a mere pleading defect that can be cured by adding a few words to the complaint. The correspondence that the complaint exhibits, which "is a part of the pleading for all purposes,"[27] shows that the alleged obligation was not in default when Mr. Nodzon was writing to the Plaintiff. Any default must have occurred *after* "the alleged debt was consigned, placed or otherwise transferred to Defendant for collection." The complaint therefore fails to state a claim upon which relief can be granted.

IV.   **Alternatively, Faegre seeks a more definite statement.**

The complaint fails to state a claim upon which relief can be granted, and this Court should therefore dismiss this action. But if this Court denies Faegre's motion for dismissal, then the complaint is so vague and ambiguous that Faegre

---

[25] Compl. [Doc. 1], ¶¶ 6–7 at 2 (4/30/10).

[26] *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354–55 (D. Utah 2009).

[27] Fed. R. Civ. P. 10(c) (exhibits) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

cannot reasonably prepare a response, so Faegre seeks a more definite statement under Rule 12(e). Faegre complains of these defects and desires these details:

### A. The complaint should specify the statutory provisions that Faegre allegedly violated.

The complaint contains an open-ended laundry list of statutory sections that Faegre supposedly violated: "The conduct of Defendant in failing to communicate that Defendant is a debt collector and attempting to collect a debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(11) and 1692f amongst others."[28] That laundry list includes almost every provision in the Fair Debt Collection Practices Act that a debt collector can possibly violate: at least 6 kinds of harassment or abuse,[29] 16 kinds of false or misleading representations,[30] and 8 kinds of unfair practices,[31] "amongst others" that the complaint does not otherwise specify. Taken at face value, the complaint seems to be accusing Faegre of such conduct as "[t]he use or

---

[28] Compl. [Doc. 1], ¶ 10 at 2 (4/30/10); *accord id.*, ¶ 15 at 4 ("The above-detailed conduct by Defendant, of failing to communicate that Defendant is a debt collector and attempting to collect a debt as a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and Minnesota law."); *id.*, ¶ 20 at 5 ("The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.").

[29] *See* 15 U.S.C. § 1692d(1)–(6) (harassment or abuse).

[30] *See* 15 U.S.C. § 1692e(1)–(16) (false or misleading representations).

threat of violence or other criminal means to harm the physical person, reputation, or property of any person,"[32] "[t]he false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer,"[33] and "[c]ommunicating with a consumer regarding a debt by post card."[34] The complaint does cite one, but only one, specific statutory provision: 15 U.S.C. § 1692e(11).

Faegre therefore asks that the complaint specify the statutory provisions that Faegre allegedly violated.

### B. The complaint should specify any state law that Faegre allegedly violated, or omit the veiled references.

The complaint twice suggests that Faegre violated Minnesota law:

> 14. Defendant is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors, and omissions done in violation of *state and* federal law by its collection employees, including but not limited to violations of the FDCPA *and Minnesota law*, in their attempts to collect this debt from Plaintiff.[35]
>
> 15. The above-detailed conduct by Defendant, of failing to

---

[31] *See* 15 U.S.C. § 1692f(1)–(8) (unfair practices).

[32] *See* 15 U.S.C. § 1692d(1).

[33] *See* 15 U.S.C. § 1692e(7).

[34] *See* 15 U.S.C. § 1692f(7).

[35] Compl. [Doc. 1], ¶ 14 at 3 (4/30/10) (emphasis added).

communicate that Defendant is a debt collector and attempting to collect a debt as a violation of numerous and multiple provisions of the FDCP A, including but not limited to all of the above mentioned provisions of the FDCP A *and Minnesota law.*[36]

But the complaint nowhere suggests any basis for a violation of Minnesota law.

Faegre therefore asks that the complaint specify any state law that Faegre allegedly violated, or omit the veiled references.

C. **The complaint should exhibit more than just the second page and last sentence of the October 2009 letter.**

The complaint exhibits two letters to the Plaintiff from Faegre attorney Bernard "B.J." Nodzon. The first letter is dated October 6, 2009, and the complaint exhibits only the letter's second page, which contains only its final sentence: "We hope that you will allow American Exteriors to install your windows, appreciate your cooperation in this matter, and look forward to your prompt response."[37]

Faegre asks that the complaint exhibit the entire letter.

**Conclusion**

The complaint fails to state a claim because the alleged "financial obligation" was not a "debt" within the Fair Debt Collection Practices Act's

---

[36]*Id.*, ¶ 15 at 4 (emphasis added).

[37]Letter from Nodzon to Holt [Compl., Ex. A (4/30/10)] at 2 (10/6/09).

18

meaning; because it does not allege any communication in connection with debt collection; and because any alleged debt was not in default when Faegre obtained it.

Therefore, Faegre respectfully asks that this Court dismiss this action for failure to state a claim upon which relief can be granted. Alternatively, Faegre seeks a more definite statement.

### Certification of Compliance with Local Rule 7.1(d)

I certify that this memorandum complies with the length limitation of Local Rule 7.1(d) and with the type-size limitation of Local Rule 7.1(f). The number of words in this memorandum is 4,616. The word-processing software used to prepare this memorandum is Microsoft Office Word 2007, and I certify that its word count has been applied specifically to include all text, including headings, footnotes, and quotations.

June 1, 2010.

                              FAEGRE & BENSON LLP

                              s/ Brian Melendez_____
                              Brian Melendez, No. 223633 (Minn.)
                              2200 Wells Fargo Center
                              90 South Seventh Street
                              Minneapolis, MN 55402-3901
                              Ph. 612.766.7309
                              Fax 612.766.1600
                              bmelendez@faegre.com

                              Attorney for Defendant
                              Faegre & Benson LLP

fb.us.5248858.03