UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

---

Kenneth Holt,                            No. 0:10-cv-01918-ADM-JJK

        Plaintiff,

vs.

Faegre & Benson LLP,

        Defendant.

---

### DECLARATION OF JOHN B. GORDON

---

State of Minnesota,               )
                                       ) SS.
County of Hennepin              )

Pursuant to 28 U.S.C. § 1746, the undersigned John B. Gordon declares:

1.     My name is John B. Gordon. I am a partner in the Defendant law firm, Faegre & Benson LLP. I make this declaration in support of Faegre's motion for summary judgment. I am an adult and competent to testify to the matters in this declaration, which I make upon personal knowledge.

2.     For this declaration's purposes, I am using the terms "consumer," "debt," and "debt collector" with the same meanings as they have in the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692a(3) (defining "consumer), § 1692a(5) (defining "debt"), & § 1692a(6) (defining "debt collector").

1

3. Faegre is not a debt collector. Faegre is not engaged in any business whose principal purpose is the collection of any debts, and does not regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

4. Faegre does not have an ongoing attorney–client relationship with any debt collector.

5. Having practiced with the firm continuously since 1974, I am generally familiar with the areas in which Faegre lawyers practice. The collection of debts owed by consumers is not an area in which Faegre regularly practices. No partner or other lawyer at the firm holds out himself or herself or the firm as engaged in the collection of debts owed by consumers. Faegre does not market itself or its lawyers as practicing in that area.

6. For the purpose of making this declaration, I asked that Faegre's accounting department review Faegre's billings for calendar year 2009, the last full calendar year for which such information is available. Our staff reviewed Faegre's billing records from 2009 in order to try to estimate how much revenue, if any, was generated from legal work where Faegre was involved in the collection or attempted collection from natural persons of money based on an obligation or alleged obligation arising from a transaction primarily for personal, family, or household purposes. That review found no material revenue from such work. In

fact, there may have been no such revenue. There were about ten matters where the accounting department could not determine the matter's nature from the database alone but, even if each such matter involved the collection of consumer debts (which is highly unlikely), the revenue generated from those matters was less than $100,000 and less than 0.04% — that is, less than four hundredths of a percent — of Faegre's total revenue for the year.

7. For the purpose of making this declaration, I also arranged for an inquiry to be sent via email to all Faegre lawyers in the United States, asking whether "you are currently working, or have worked in the last three years, on any case that involves collection of a consumer debt where the Firm is representing the creditor and the adverse party is a natural person." The inquiry instructed each lawyer, in accordance with the statutory definitions, that "[a] 'consumer debt' means an obligation or alleged obligation, owed by a natural person, to pay money arising out of a transaction whose subject matter was primarily for personal, family, or household purposes," regardless of "whether the obligation was reduced to judgment, or whether there was even any litigation."

8. No Faegre lawyer's practice regularly involves the collection of any debts from consumers. No Faegre lawyer regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. There are isolated cases that involve the collection of a debt from a consumer, but only when such collection is incidental to a matter in which Faegre has been engaged for some other primary objective. Those matters are in two categories:

(a) Faegre represents a few banks who hire firms other than Faegre to collect debts owed by consumers. But if a defendant consumer pleads a counterclaim against the bank, then the bank may hire Faegre in order to defend against the counterclaim. In almost all such cases, the other firm that commenced the action for collection keeps representing the client for that purpose, so Faegre works in association with the other firm in order to resolve the entire litigation.

(b) Faegre is sometimes engaged to defend a client against a claim by a third party in a situation where the third party owes money to the client. In some such cases, Faegre may assert the third party's debt owed to the client by way of credit or setoff against the third party's claim against the client.

There are very few matters in these two categories, and they are not a major part of Faegre's work for any client.

10. For a brief period beginning about 2002, Faegre was involved on a limited basis in the collection of debts owed to a bankrupt brokerage firm. (It would be difficult or impossible to determine whether those debts qualified as "debts" within the Fair Debt Collection Practices Act's meaning, since I do not know whether the debtors were "consumers" or whether "any obligation or alleged obligation . . . to pay money ar[ose] out of a transaction in which they money, property, insurance or services which are the subject of the transaction [were] primarily for personal, family, or household purposes," *see* 15 U.S.C. § 1692a(5), but I am including this information in the interest of complete disclosure.) That matter arose out of the appointment by the United States Bankruptcy Court for the District of Minnesota of Faegre partner James P. Stephenson as Trustee for MJK Clearing, Inc., for the benefit and protection of about 175,000 customers of MJK. The trustee's duties included, among many other things, the collection of a few dozen margin accounts that MJK had retained. All the resulting litigation was settled by 2005, resulting in the recovery and distribution to MJK's former customers of about $10 billion. That trusteeship was the only time we have been able to determine that Faegre has been involved in collections work except in the isolated cases mentioned above.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 26, 2010.

                                                                                                 John B. Gordon

fb.us.5246756.02